**John Elwood MAPP, Petitioner,**

v.

**C. C. PEYTON (J. D. Cox), Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-22-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Jan. 14, 1970.

Gerald L. Baliles, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## ORDER

DALTON, Chief Judge.

This proceeding comes before the court on a petition for a writ of habeas corpus filed on September 30, 1968, *in forma pauperis,* by John Elwood Mapp, a prisoner of the State of Virginia pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner Mapp is presently serving a four (4) year sentence in the Virginia State Penitentiary pursuant to his conviction on December 14, 1966 in the Circuit Court of Accomack County, for the crime of possession of stolen property.

In the petition before this court, petitioner Mapp alleges that his court-appointed counsel was ineffective, that no appeal was perfected for said petitioner, and that there existed an illegal search and seizure in the case which resulted in a four (4) year sentence.

On two separate occasions petitioner Mapp commenced habeas corpus petitions in the state courts. On November 14, 1967 the Circuit Court for Accomack County heard in open court the petition filed therein (Case No. 3842). On the 28th of November, 1967 the court dismissed the petition finding that the petitioner "was afforded adequate and effective representation by his court-appointed counsel, and that the search of the stolen automobile in question was in all respects a valid and legal search". Subsequently, the Supreme Court of Appeals for Virginia upheld said judgment on the 12th of June, 1968.

A second habeas corpus petition was filed in the Hustings Court of the City of Richmond, Part II, on the 28th of May, 1968. This petition alleged basically the same points raised in the first petition, including the question as to whether an appeal was requested by the petitioner in his original criminal trial. This petition was later transferred and filed in the Circuit Court for Accomack County on the 7th of October, 1968. In early 1969, said Circuit Court held a hearing on the habeas corpus petition and entered judgment on the 17th of

January, 1969, dismissing said petition. The Supreme Court of Appeals of Virginia affirmed this judgment on the 14th of October, 1969.

■ This court is satisfied that the petitioner has exhausted all available state remedies on the points that he raises in the petition before us. Consideration has been given to the original criminal trial transcript of December 14, 1966, and to all subsequent transcripts and court records in the case to date. Upon a careful review of the entire case and the questions presented, this court finds as follows:

■ First, the recorded testimony in no way indicates that the petitioner was denied the effective representation of counsel.

■ Second, as pointed out in the testimony given during the petitioner's hearing on January 8, 1969, the petitioner did not indicate to his court-appointed counsel that he wanted an appeal from the December 14, 1966 conviction. The relevant testimony reads as follows:

Mr. Tyler: (Attorney for the petitioner) Wasn't it Mr. Mapp's hope, or contention, that you should try to get the two convictions to run concurrently, and, if you could not do that, he wanted to appeal?

Mr. Hartnett: (Attorney who represented the petitioner in the 1966 criminal trial) I don't think so. I am sure he had many hopes, but I was not privy to all of them. I certainly knew he wanted to have his present conviction reversed, and certainly the matter of concurrent sentences had to have been discussed with him, since I brought it up after the second trial. I still advised him that I did not feel there was ground for an appeal, and, going further, he did not direct me to institute an appeal. Had he done so, I would have gone to the Court, and asked to be relieved.

Mr. Tyler: Didn't he indicate to you —Can you say that he didn't indicate to you that he wanted one or the other—the two sentences to run concurrently, or an appeal taken— Can you state that he did not?

Mr. Hartnett: I can state this. The Court having overruled the motion I made, obviously the only resort he had then was an appeal, and I came to the conclusion that he did not have ground for an appeal, and he did not go ahead and direct me to appeal. Had he done so, I would have asked to be relieved by the Court, and that other counsel be appointed for him.

Mr. Tyler: Didn't he indicate to you that he wanted to do something about this trial?

Mr. Hartnett: It was discussed, if you call it a discussion in the final emergency. It was my view that I would evaluate his chances of an appeal, and, in my opinion, there was no chance of a writ of error. He did not come to me, and say directly, go ahead with an appeal. As I said, if he had done, I would have got out.

■ Finally, a review of the trial court records, especially the testimony given by those individuals who performed the investigation and recovery of the alleged stolen property, indicates clearly that the procedures used by the legal authorities were within the existing legal framework of a valid search and seizure.

For the foregoing reasons, it is hereby ordered that the petitioner's petition for a writ of habeas corpus be denied and dismissed.

The clerk is directed to send a certified copy of this opinion to the petitioner and to the respondent, via the Honorable Gerald L. Baliles, Assistant Attorney General, Supreme Court Building, Richmond, Virginia.